UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAQUIN CROCKETT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1317** |
| **STATE FARM FIRE & CASUALTY CO.** | **SECTION: "G"(4)** |

## ORDER AND REASONS

Plaintiff Jaquin Crockett ("Plaintiff") filed this case to recover damages from Defendant State Farm Fire and Casualty Co. ("Defendant") related to Defendant's decision not to pay insurance proceeds under Plaintiff's policy after a purported vandalism to his vehicle.[1] Pending before the Court is Defendant's unopposed Motion to Dismiss and for Sanctions, requesting that the Court dismiss Plaintiff's claims with prejudice for failure to comply with Court orders and for failure to prosecute.[2] Defendant also seeks an award of reasonable attorneys' fees incurred in making this motion.[3] Having considered the motion, the memoranda in support, the record, and the applicable law, the Court grants the motion in part and denies it in part. The Court grants the motion to the extent it seeks dismissal of this case. The Court denies the motion to the extent it seeks attorneys' fees as an additional sanction.

## I. Background

On May 20, 2021, Plaintiff, through counsel, filed this case in the Civil District Court for

---

[1] Rec. Doc. 1 at 1.

[2] Rec. Doc. 29.

[3] *Id.*

1

the Parish of Orleans.[4] Plaintiff alleged that Defendant issued an insurance policy to Plaintiff providing vandalism coverage for a 2016 Porsche Cayenne.[5] Plaintiff alleged that on or about May 20, 2020, Plaintiff discovered that the vehicle had been broken into and vandalized.[6] Plaintiff filed a claim for recovery under his insurance policy, but Defendant denied the claim.[7] Defendant found that "the loss d[id] not meet the insuring agreement of a sudden direct and accidental loss; the damage/theft [wa]s excluded as it was caused by or at the direction of [Plaintiff] and that furthermore [Plaintiff] was in violation of a concealment or fraud provision of the policy."[8]

On July 8, 2021, Defendant removed the action to this Court, asserting that the parties are completely diverse and that the amount in controversy exceeds $75,000.[9] A Scheduling Conference was held, and a Scheduling Order filed on October 5, 2021.[10] A bench trial is currently set for June 6, 2022.[11]

Defendant filed a Motion to Compel Discovery Responses on January 17, 2022, seeking an order to compel Plaintiff to respond to Interrogatories and Requests for Production of Documents that were propounded on November 1, 2021 and due on December 4, 2021.[12] Counsel

---

[4] Rec. Doc. 1-1.

[5] *Id.* at 2.

[6] *Id.*

[7] *Id.*

[8] *Id.* at 3.

[9] Rec. Doc. 1. Defendant established that the amount in controversy is met because the estimated value of the claim was $45,803.80 and Plaintiff could recover a penalty in an amount equal to the claim for alleged bad faith adjusting. *Id.* at 3–4. *See also* Rec. Doc. 10.

[10] Rec. Doc. 12.

[11] *Id.*; Rec. Doc. 17.

[12] Rec. Doc. 19.

2

for Plaintiff opposed the motion.[13] Counsel stated that upon receipt of the discovery requests, they were immediately forwarded to Plaintiff at his last known address.[14] However, Plaintiff did not respond and his whereabouts were unknown to counsel.[15] Counsel called Plaintiff and placed a legal notice in the *Advocate/Times Picayune*, to no avail.[16] Counsel requested additional time to locate Plaintiff and secure responses to Defendant's discovery requests.[17] On February 2, 2022, the assigned Magistrate Judge granted the motion to compel.[18] The Magistrate Judge ordered Plaintiff to respond to Defendant's Interrogatories and Requests for Production of Documents on or before February 16, 2022.[19]

On March 3, 2022, Plaintiff's counsel filed a motion to withdraw.[20] Counsel stated that Plaintiff refused to cooperate and assist counsel in preparing the discovery responses, and Plaintiff failed to maintain contact with counsel.[21] Counsel represented that he had notified Plaintiff of all deadlines and pending court appearances via letter sent by certified mail to Plaintiff's last known address.[22] On March 7, 2022, the Court granted the motion to withdraw.[23] Plaintiff has been

---

[13] Rec. Doc. 20.

[14] Rec. Doc. 20-1 at 1.

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] Rec. Doc. 22.

[19] *Id.*

[20] Rec. Doc. 25.

[21] *Id.*

[22] *Id.*

[23] Rec. Doc. 26.

proceeding *pro se* since that time. However, he has not appeared to prosecute his case.

On March 18, 2022, Defendant filed a witness and exhibit list, as required by the Scheduling Order.[24] No witness or exhibit lists were filed by Plaintiff. On April 28, 2022, the Magistrate Judge convened a settlement conference, but Plaintiff failed to appear.[25]

On March 22, 2022, Defendant filed the instant Motion to Dismiss and for Sanctions.[26] The motion was noticed for submission on April 6, 2022.[27] Pursuant to Local Rule 7.5, any opposition to a motion must be filed eight days before the noticed submission date. Plaintiff has filed no opposition to the motion, and therefore the motion is deemed to be unopposed. This Court has authority to grant a motion as unopposed, although it is not required to do so.[28] District courts may grant an unopposed motion as long as the motion has merit.[29]

## II. Defendant's Arguments

Defendant moves the Court to dismiss this case pursuant to Rules 37(b) and 41(b) of the Federal Rules of Civil Procedure.[30] Defendant also seeks an order for Plaintiff to pay Defendant's reasonable attorney's fees in making this motion pursuant to Rule 37(b)(2)(C).[31] Defendant contends that Plaintiff has failed to comply with the February 2, 2022 discovery order, and failed

---

[24] Rec. Doc. 28.

[25] Rec. Doc. 32.

[26] Rec. Doc. 29.

[27] Rec. Doc. 29-1.

[28] *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356 (5th Cir. 1993).

[29] *See Braly v. Trail*, 254 F.3d 1082 (5th Cir. 2001).

[30] Rec. Doc. 29-1 at 1.

[31] *Id.*

to comply with the Scheduling Order deadline for witness and exhibit lists.[32] Defendant contends that these violations are plainly attributable to Plaintiff, as his counsel was forced to withdraw due to Plaintiff's failure to cooperate in the prosecution of the claim.[33] Defendant asserts that it has been substantially prejudiced by Plaintiff's misconduct because it has been unable to obtain discovery from Plaintiff regarding names and addresses of potential witnesses and other potential documentary evidence.[34] Defendant contends that no sanction short of dismissal is appropriate because Plaintiff's failure to respond has denied Defendant necessary information to prepare for trial.[35] Finally, Defendant asserts that attorneys' fees should be awarded for failure to comply with the discovery order.[36]

### **III. Legal Standard**

Pursuant to Federal Rule of Civil Procedure 41(b), "if the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it."[37] To dismiss an action in this manner, there must be a clear record of delay or contumacious conduct by the plaintiff, and the court must expressly find that no lesser sanction would suffice to prompt diligent prosecution.[38] A clear record of delay is found where there have been "significant periods of total inactivity."[39] Even when that standard

---

[32] *Id.* at 5.

[33] *Id.*

[34] *Id.*

[35] *Id.*

[36] *Id.* at 6.

[37] Fed. R. Civ. P. 41(b); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).

[38] *Raborn v. Inpatient Mgmt. Partners Inc.*, 278 Fed. App'x 402, 404 (5th Cir. 2008).

[39] *Berry v. CIGNA/RSI CIGNA*, 975 F.2d 1188, 1191 n.5 (5th Cir. 1992) (citing *Morris v. Ocean Sys., Inc.*,

5

is met, at least one of the following "aggravating factors" should usually be present: (1) the delay was caused by the plaintiff, as opposed to his attorney; (2) the defendant suffered actual prejudice; or (3) the delay was caused by intentional conduct.[40] Dismissals pursuant to Rule 41(b) are reviewed for abuse of discretion.[41]

Similarly, Federal Rule of Civil Procedure 37(b)(2)(A) provides that a court may, on motion, order sanctions if a "party . . . fails to obey an order to provide or permit discovery." Rule 37(b)(2)(A) also sets forth the types of sanctions a court may impose.[42] Possible sanctions are listed in Rule 37(b)(2)(A)(i)–(vii) and include, among other options, dismissing the action or proceeding in whole or in part.[43] "Because of the severity of [the] sanction, dismissal with prejudice typically is appropriate only if the refusal to comply with a discovery order results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct."[44] Pursuant to Rule 37(b)(2)(C), "[i]nstead of or in addition to the [sanctions listed in Rule 37(b)(2)(A)], the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."[45]

Dismissal of a plaintiff's action with prejudice is "reserved exclusively for clear records of contumacious and continuing discovery misconduct or delay, ordinarily involving failure to

---

730 F.2d 248, 252 (5th Cir. 1984)).

[40] *Id.*

[41] *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016).

[42] Fed. R. Civ. P. 37(b)(2)(A)(i)–(vii).

[43] Fed. R. Civ. P. 37(b)(2)(A)(v).

[44] *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990).

[45] Fed. R. Civ. P. 37(b)(2)(C).

comply with multiple court orders."[46] "[I]t is not a party's negligence—regardless of how careless, inconsiderate, or understandably exasperating—that makes conduct contumacious; instead it is the stubborn resistance to authority which justifies a dismissal with prejudice" of a claim or affirmative defense.[47] Dismissal with prejudice "is an extreme sanction that deprives a litigant of the opportunity to pursue his claim."[48] It is an appropriate sanction, therefore, only where the misconduct is egregious and where "lesser sanctions would not serve the best interests of justice."[49]

## IV. Analysis

Here, the record undisputedly establishes that Plaintiff has on numerous occasions failed to comply with court orders, respond to Defendant, or appear to prosecute his claim. Plaintiff failed to respond to Defendant's Interrogatories and Requests for Production of Documents in December 2021, requiring Defendant to file a motion to compel.[50] Plaintiff also failed to comply with the February 2, 2022 Order granting the motion to compel. Plaintiff then failed to comply with the

---

[46] *Bombardier v. State Farm Fire & Cas. Co.*, No. 16-568, 2016 WL 4799098, at *2 (E.D. La. Sept. 14, 2016) (Wilkinson, M.J.) (citing *Doe v. Am. Airlines*, 283 Fed. App'x 289, 291 (5th Cir. 2008); *Davis v. Auto Club Family Ins. Co.*; No. 07-8545, 2008 WL 5110619, at *1 (E.D. La Dec. 2, 2008) (Vance, J.) (citing *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994); quoting *Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 515 (5th Cir. 1985); *EEOC v. Gen. Dynamics Corp.*, 999 F.2d 113, 119 (5th Cir. 1993)).

[47] *Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 77 (5th Cir. 2011) (quoting *McNeal v. Papasan*, 842 F.2d 787, 792 (5th Cir. 1988)).

[48] *Id.* (quoting *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1418 (5th Cir. 1995)).

[49] *Id.* (quoting *Sturgeon v. Airborne Freight Corp.*, 778 F.2d 1154, 1159 (5th Cir. 1985)).

[50] Rec. Doc. 19.

7

Scheduling Order requiring Plaintiff to file witness and exhibit lists by March 18, 2022.[51] Plaintiff also failed to appear for a court ordered settlement conference on April 28, 2022.[52]

Plaintiff's counsel requested leave of Court to withdraw because Plaintiff refused to cooperate and assist counsel in preparing the discovery responses, and Plaintiff failed to maintain contact with counsel.[53] Since he began proceeding *pro se*, Plaintiff has not made any contact with Defendant or with the Court.

On March 22, 2022, Defendant filed the instant motion, requesting that the Court dismiss Plaintiff's claims with prejudice for failure to prosecute.[54] Plaintiff has not opposed this motion. Federal Rule of Civil Procedure 37(b)(2)(A) provides for sanctions against a party who fails to obey a discovery order, including dismissing the action or proceeding in whole or in part.[55] Likewise, pursuant to Rule 41(b), "if the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it."[56]

While the Court is aware that Plaintiff is currently unrepresented by counsel and that dismissal with prejudice "is a harsh action, to be used only in extreme circumstances,"[57] Plaintiff's *pro se* status does not diminish his responsibility in this case. Dismissal is warranted when a court

---

[51] Rec. Doc. 12 at 3.

[52] Rec. Doc. 32.

[53] Rec. Doc. 25.

[54] Rec. Doc. 29.

[55] Fed. R. Civ. P. 37(b)(2)(A)(v).

[56] Fed. R. Civ. P. 41(b); *see also McCullough*, 835 F.2d at 1127.

[57] *Kabbe v. Rotan Mosle, Inc.*, 752 F.2d 1083, 1084 (5th Cir. 1985).

is faced with "[d]eliberate, repeated refusals to comply with discovery orders."[58] Defendant has continued to incur expenses as it strives to comply with Court deadlines, while Plaintiff has failed to appear in this matter, respond to the Court's orders, or respond to requests from opposing counsel since his counsel withdrew on March 7, 2022. Plaintiff also failed to maintain any contact with his counsel for many months before counsel withdrew.[59] Defendant served discovery requests on Plaintiff's counsel on November 1, 2021, but despite numerous efforts on the part of Plaintiff's counsel, he could not reach Plaintiff to assist with the discovery responses. This ultimately led to Plaintiff's counsel requesting leave of Court to withdraw from the case as he could not fulfill his obligation to complete the discovery without the necessary factual information from Plaintiff. Moreover, counsel notified Plaintiff of all deadlines before he withdrew. Therefore, Plaintiff's failure to comply is deliberate and directly attributable to Plaintiff, not his counsel.[60]

Based on the foregoing, the Court finds that there is a clear record of unreasonable delay caused by Plaintiff, and that no lesser sanction other than dismissal would suffice.[61] Therefore, the Court finds that it is appropriate to dismiss Plaintiff's claims with prejudice to best serve the interests of justice because Plaintiff has repeatedly demonstrated an unwillingness to continue prosecution of this case.

Defendant also requests attorneys' fees under Rule 37(b)(2)(C). The Rule provides that "[i]nstead of or in addition to the [sanctions listed in Rule 37(b)(2)(A)], the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses,

---

[58] *Id.* (quoting *Bonaventure v. Butler*, 593 F.2d 625, 626 (5th Cir. 1979)).

[59] Rec. Doc. 25.

[60] *Id.*

[61] *Raborn*, 278 Fed. App'x at 404.

including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."[62] The Fifth Circuit has recognized that district courts have "broad discretion under Rule 37(b) to fashion remedies suited to the misconduct."[63] As explained above, because dismissal with prejudice is warranted, the Court finds that an additional sanction of attorneys' fees to be unjust under these circumstances.

## V. Conclusion

Based on the foregoing, the record undisputedly establishes that Plaintiff has on numerous occasions failed to comply with court orders, respond to Defendant, or appear to prosecute his claims. Considering the foregoing conclusion that dismissal with prejudice is warranted, the Court finds that an additional sanction of attorneys' fees to be unjust under these circumstances. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss and for Sanctions[64] is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** to the extent it requests dismissal of this case. The motion is **DENIED** to the extent it requests attorneys' fees as an additional sanction.

**NEW ORLEANS, LOUISIANA**, this 16th day of May, 2022.

*[Signature]*
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[62] Fed. R. Civ. P. 37(b)(2)(C).

[63] *Pressey v. Patterson*, 898 F.2d 1018, 1021 (5th Cir. 1990).

[64] Rec. Doc. 29.